UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

CAROL W. RUDOLPH                                                   PLAINTIFF

v.                                                 CIVIL ACTION NO. 4:09CV-P96-M

DAVID OSBORNE *et al.*                                          DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Carol W. Rudolph filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the complaint for failure to state a claim.

### I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate currently incarcerated at the Daviess County Detention Center. He files suit against Defendants David Osborne and William Billings in their official capacities. Plaintiff alleges that Defendant Billings failed to provide him with adequate legal material so that he could "study on my case." Plaintiff states that he feels that Defendant Billings's actions have deprived him of his "right to proper legal representation." He alleges that Defendant Osborne also violated his "right to proper legal representation" by failing to personally answer Plaintiff's grievances about Defendant Billings's actions.

### II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to ''state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --U.S.--, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

Plaintiff's official-capacity claims against Defendants are actually claims against their employer, Daviess County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008). When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Because Plaintiff cannot satisfy step-one, he has failed to state an official-

capacity-claim against either Defendant.

Plaintiff's allegations against Defendant Billings relate to his failure to supply Plaintiff with all of the legal material he wanted so that he could study on his case. In order to state a claim for interference with access to the courts, however, a plaintiff must show actual injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Here, while Plaintiff is understandably frustrated with the difficulties he encountered with obtaining legal materials, he has not alleged that these difficulties actually prevented him from meaningfully accessing the courts. As such, he has not set forth a constitutional claim against Defendant Billings for interference with the courts.

Plaintiff's claims against Defendant Osborne stem from his allegation that Defendant Osborne did not personally answer Plaintiff's grievance about his inability to obtain the legal research material he requested from Defendant Billings. Defendant Osborne's adjudication of Plaintiff's grievance or lack thereof does not subject him to liability under § 1983. There is "no

3

constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Since Plaintiff's only allegation against Defendant Osborne relates to his failure to act on Plaintiff's grievance, Plaintiff fails to state a constitutional violation against Defendant Osborne. *Id.*

4

For the reasons set forth above, by separate Order the Court will dismiss this action for failure to state a claim.

Date:

cc: Plaintiff, *pro se*
    Defendants
4414.008